

**FILED**

OCT 09 2013

, Phil Lombardi, Clerk
**U.S. DISTRICT COURT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  LASHON JEFFRIES<br>    an individual,<br>                              Plaintiff,<br><br>vs.<br><br>1. BOK FINANCIAL CORPORATION,<br>   BOKF, N.A. d/b/a BANK OF<br>   OKLAHOMA<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 13 CV -667 JHP - TLW

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

### COMPLAINT

This action seeks declaratory and injunctive relief, compensatory and equitable damages, damages to compensate for any tax consequences of this judgment, punitive damages, and costs and attorney fees, for violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and The Civil Rights Act of 1866, 42 U.S.C. § 1981, by Defendant and suffered by Plaintiff, Lashon Jeffries.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1.  Plaintiff, Lashon Jeffries, was a resident of the City of Tulsa, Tulsa County, State of Oklahoma at all times relevant to this suit.

2.  Ms. Jeffries is a member of a class of persons protected by Title VII of the Civil Rights Act, to wit: African American.

3.  Defendant is a Domestic for profit Business Corporation conducting substantial business within the State of Oklahoma, located in Tulsa County, employing more than 15 full-time regular employees.

4.  Ms. Jeffries timely filed her Charge of Discrimination with the U.S. Equal Employment

1

Fees Pd

Opportunity Commission, alleging that Defendant discriminated against her based upon her race. Plaintiff has exhausted her administrative remedies as to her race claims.

5.  Ms. Jeffries has timely filed her Complaint in this matter after her receipt of her Right to Sue letter.

6.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a). Venue is proper under 28 U.S.C. § 1391(b) and, because all of Defendant's actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in this Northern District of the United States District Court.

## FACTS

7.  On or about August, 1999, Ms. Jeffries began working for Defendant as an Express Banker in its Tulsa, Oklahoma operations.

8.  During Plaintiff's employment, she was subjected to discrimination based on her race as follows:

   a.  That Ms. Jeffries was subjected to heightened disciplinary action in comparison to similarly situated white employees;

   b.  That Ms. Jeffries was subjected to heightened scrutiny in the performance of her duties in comparison to similarly situated white employees;

   c.  That Ms. Jeffries was subjected to disparate treatment in the application of corporate managerial policy based on her race;

   d.  That Ms. Jeffries was subjected to racist comments during her employment;

   e.  That Ms. Jeffries was subjected to race discrimination based upon a pattern of disparate treatment by Defendant; and,

   f.  That Ms. Jeffries was subjected to race discrimination based upon a pattern of

2

disparate discipline by Defendant.

9.    During Ms. Jeffries's employment, she has witnessed Defendant engage in a similar

pattern and practice of treatment to other African-American employees, to wit:

    a.    That African American employees were subjected to heightened disciplinary action

        in comparison to similarly situated white employees;

    b.    That African American employees were subjected to heightened scrutiny in the

        performance of their duties in comparison to similarly situated white employees;

    c.    That African American employees were subjected to disparate treatment in the

        application of corporate managerial policy based on their race;

    d.    That African American employees were was subjected to racist comments during

        their employment.

10.    Plaintiff, along with other Blacks, was denied the opportunity for promotion to several

different positions because of her race, Black. In January-June 2012, she was denied

promotion to one or more of the following positions: Senior Recruiting Coordinator,

Assistant Branch Manager at 71st and Sheridan, Private Banker II, Audit Review Specialist

III, Lending Support Specialist, Assistant Branch Manager at Ranch Acres, Document

Risk Specialist III, Consumer Loan Analyst, Employee Relations Specialist, Assistant

Branch Manager at Southern Hills and Document Risk Specialist II; because of her race,

Black.

11.    Plaintiff was falsely told by Scott Meadows, that in order to be promoted, that she needed

to already work in the particular branch in which the position existed, and that she needed

to already have recent supervisory experience, for an Assistant Branch Manager position.

Yet the less senior and experienced Carolyn, race, White, and Doreen Oakley, race, White

3

had no such supervisory experience, when selected by Dottie Lovendahl, race, White, Boarding Supervisor for hire to their recently hired positions.

12.   On June 14, 2012, Plaintiff complained to Cherie Hall that Plaintiff and other employees had observed that minorities were being denied promotion to certain positions due to their race. She advocated that surveys be conducted to confirm that this was occurring. Plaintiff repeatedly requested coaching skills to increase her productivity from her manager, Dottie Lovendahl, which Lovendahl refused to provide. Plaintiff reported this to Dana Bustos, Human Resources, who told Plaintiff that she could not help Plaintiff unless it was discrimination. Plaintiff told Bustos that it is discrimination because other employees, including Pattie Campbell (white), were being provided training and help with their work. Lovendahl never provided training or coaching to Plaintiff.

13.   On June 15, 2012, Plaintiff was placed on suspension by Lovendahl, for a pretexual reason, i.e. alleged attendance violations, which were false. Plaintiff was placed on probation because of her race, and because she had complained to Cherie Hall and questioned the promotion process. In October 2012, Plaintiff was terminated in retaliation for her complaints by Lovendahl for a pretextual reason, which was false. The reason given for her termination was because she was not meeting her productivity, which was false.

14.   Ms. Jeffries was discharged on or about October 2012, after complaining of the racial discrimination she had observed and been subjected to. She believes that she has been discriminated against because of her race, Black, and in retaliation for her complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## FIRST CLAIM:
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

4

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

15. That, as a member of a protected class, to wit: African-American, Ms. Jeffries is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

16.  That the disparate treatment of Ms. Jeffries by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

17. That, Ms. Jeffries was unfairly treated and that the motivating reason for this treatment was based on her race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

18. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Ms. Jeffries of the circumstances.

19. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## SECOND CLAIM:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

20. That Ms. Jeffries was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on her race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

21. That said conduct has had the purpose or effect of unreasonably interfering with Ms. Jeffries's work performance.

5

22.   That said conduct has created an intimidating and hostile working environment for Ms. Jeffries.

23.   That said conduct was repeated frequently while Ms. Jeffries was employed by Defendant.

24.   That the harassers who were responsible for said conduct were Ms. Jeffries's co-workers and supervisors.

25.   That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Ms. Jeffries.

### THIRD CLAIM:
### RETALIATION IN VIOLATION OF TITLE VII

For the Third Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

26.   That Ms. Jeffries followed the proper procedures as an employee of Defendant in exercising her federally protected civil rights and complained about discrimination that she had witnessed as an employee and that she had experienced as an employee of said Defendant.

27.   That as a direct result of Ms. Jeffries's complaints, Defendant altered the terms, conditions, and/or privileges of Ms. Jeffries's employment.

28.   That Defendant retaliated against Ms. Jeffries for exercising her federally protected rights: to work in a workplace free of racial and sexist discrimination, and to receive equal opportunities.

### FOURTH CLAIM:
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

For the Fourth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

6

29.  That as a member of a protected class, to wit: African American, Ms. Jeffries is protected from race discrimination under 42 U.S.C. § 1981;

30.  That the disparate treatment of Ms. Jeffries by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

31.  That, Ms. Jeffries was unfairly treated and that the motivating reason for this treatment was based on her race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

32.  That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Ms. Jeffries of the circumstances.

33.  That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

**FIFTH CLAIM:**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981**

For the Fifth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

34.  That Ms. Jeffries was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on her race, to wit: African-American, as prohibited by 42 U.S.C. § 1981.

35.  That said conduct has had the purpose or effect of unreasonably interfering with Ms. Jeffries's work performance.

36.  That said conduct has created an intimidating and hostile working environment for Ms. Jeffries.

37.  That said conduct was repeated frequently while Ms. Jeffries was employed by Defendant.

7

38.     That the harassers who were responsible for said conduct were Ms. Jeffries's co-workers
        and supervisors.

39.     That Defendant ratified the acts of its agents and employees by failing to take remedial
        action upon notice of the circumstances by Ms. Jeffries.

### SIXTH CLAIM:
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

For the Sixth Claim, Plaintiff re-alleges and incorporates by reference the foregoing
paragraphs and states:

40.     That Ms. Jeffries followed the proper procedures as an employee of Defendant in
        exercising her federally protected civil rights and complained about discrimination that she
        had witnessed as an employee and that she had experienced as an employee of said
        Defendant.

41.     That as a direct result of Ms. Jeffries's complaints, Defendant altered the terms, conditions,
        and/or privileges of Ms. Jeffries's employment with Defendant.

43.     That Defendant retaliated against Ms. Jeffries for exercising her federally protected rights:
        to work in a workplace free of racial discrimination, and to receive equal opportunities.

### SEVENTH CLAIM:
### STATE LAW *BURK* TORT CLAIM
### OCCURING BEFORE NOVEMBER 1, 2011

For the Seventh Claim, Plaintiff re-alleges and incorporates by reference the foregoing
paragraphs and states:

44.     That Plaintiff is a member of a protected class, to wit: African-American.

45.     That Oklahoma public policy prohibits race discrimination and retaliation in the workplace
        (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and Oklahoma common law permits an
        aggrieved employee to bring a claim against an employer for permitting race

8

discrimination and retaliation.

46.   That Plaintiff was discriminated against due to her race and retaliated against during her employment as prohibited by Oklahoma Public Policy.

47.   That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

48.   That the conduct complained of constitutes illegal race discrimination and retaliation in violation of Oklahoma Public Policy, and gives rise to a tort claim under Oklahoma common law.

## EIGHTH CLAIM:
## STATE LAW OKLAHOMA ANTI-DISCRIMINATION ACT CLAIM
## FILED AFTER NOVEMBER 1, 2011

For the Eighth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

49.   That Plaintiff is a member of a protected class, to wit: African American.

50.   That Oklahoma law prohibits race discrimination and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting race discrimination and retaliation.

51.   That Plaintiff was discriminated against due to her race and retaliated against during her employment as prohibited by the OADA.

52.   That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

53.   That the conduct complained of constitutes illegal race discrimination and retaliation in

9

violation of the OADA, 25 O.S. § 1302, et. seq.

<u>**JURY TRIAL REQUESTED**</u>

54.    Plaintiff is entitled to a jury trial under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.*, 42 U.S.C. § 1981 and hereby requests a jury trial.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

A.    Payment of back wages, benefits and compensation;

B.    Reinstatement to her former position, or alternatively, appropriate front pay;

C.    All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;

D.    Declaratory and injunctive relief, as appropriate;

E.    An assessment of damages to compensate for any tax consequences of this judgment;

F.    Prejudgment interest;

G.    Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

/s/ Terry A. Hall
Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(918) 948-6982
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff